## Hagins v. Spencer, et al.

(Decided February 27, 1912.)

Appeal from Breathitt Circuit Court.

Contracts—Evidence—Pleading.—In an action to recover upon a contract for sawing timber, evidence examined and held that the per-

emptory instructions to find for appellees was proper. While the evidence shows appellant sustained a loss between certain dates and made out a case for the recovery of such damages, he did not plead such loss and ask damages for it.

J. J. C. BACH, GRANNIS BACH, CHESTER BACH, J. B. WHITE and T. T. COPE for appellant.

GOURLEY & GOURLEY and D. B. REDWINE for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On August 26, 1907, appellant entered into a contract with appellee, Matt Spencer, and his father, William Spencer, who is now dead and whose representative is not a party to this action. Appellant agreed in the contract to erect a saw-mill on a tract of land on Upper Twin creek in Breathitt county, Kentucky, of about three thousand acres and to saw the timber thereon into lumber and railroad cross-ties, as the Spencers might direct. The Spencers agreed to pay appellant seven cents per tie for sawing the cross-ties and $3.00 per thousand feet for sawing the lumber. The contract stipulated that the mill was to be placed at the different places on the land that might be designated by the Spencers, but the Spencers were to furnish at each setting logs enough to make 200,000 feet of lumber. The Spencers were also to deliver the logs within twenty feet of the saw on skids, and were to deliver a sufficient number to keep the mill running at least five days out of a week, from September 15, 1907, until all the timber on the tract of land had been sawed into lumber or railroad cross-ties. Appellant alleged that there was enough timber on the land to make 1,200,000 feet of lumber and 10,000 cross-ties, for the sawing of which under the contract, he would have received for the lumber $3,600.00 and for the ties $700.00 aggregating $4,300.00, one-half of which he alleged would have been clear profit to him. He also alleged that he was ready, able and willing at all times to carry out the contract. All the allegations in the petition with reference to the breach of the contract on the part of the Spencers, are as follows:

"He says pursuant to said contract he did, before the 15th day of September, 1907, erect a saw-mill on said land at a point on same as directed and designated by Wm. and Matt Spencer on said tract of land, and began sawing as he had agreed to do under said contract; and

defendants furnished to plaintiff's mill logs sufficient to cut 104,297 feet of lumber and 150 railroad ties and no more, and at that time defendants failed and refused to cut, haul or deliver any more logs or timber to his said mill or in any way to comply with their said contract to the plaintiff's damage in the sum of $2,150.00.''

Appellant afterwards filed an amended petition in which he alleged that while upon this land he sawed lumber for and erected a house for the Spencers which was worth $250.00 which he sought to recover in addition to the amount claimed in the petition, but he alleged that he was paid for sawing 104,297 feet of lumber and 158 ties, which at the contract prices aggregated $323.95. He then deducts this amount from $2,150.00, the amount sought to be recovered in the original petition, and adds the $250.00 to the remainder, which makes $2,076.05 for which he asks judgment. Appellees answered the petition and denied any breach of the contract and denied liability for the sawing of the lumber and erecting the building referred to. They stated that the cost of sawing the lumber and erecting the building was not over $50.00, and alleged that he was paid for sawing the lumber, and erecting the house, and that they furnished him merchandise to the extent of $451.86 from which they deduct $277.45, which they claim is the total value of the sawing done by appellant, which leaves $174.41 which they say is due them from appellant. The affirmative matter in this pleading was denied by reply. After the completion of appellant's evidence on the trial, the court gave the jury a peremptory instruction to find for appellees. Appellant made a motion for a new trial and among the grounds assigned, was one alleging that the court erred in refusing to allow him to file an amended petition to conform to the proof, whereby he would be allowed to recover special damages. We have examined the record with care but have not been able to find a copy of the amended petition offered to be filed, nor any orders of the court with reference thereto. The only reference to such an amendment is in the reasons for a new trial.

The testimony shows that appellant set his mill upon the land at the time specified in the contract and it remained there until January 8, 1908. There was proof to the effect that appellees failed to furnish logs at the mill as they had agreed to and that the mill, therefore, remained idle a considerable portion of the time it was

there, to appellant's damage. About January 8, 1908, appellant moved his mill to another survey of land about ten miles distant and did sawing there under a contract the terms of which were exactly like those in the contract in this case. The testimony shows the reason of appellant's removal to be that appellees told him they could not haul any more logs that winter on account of the "hard times"; they asked him, however, to wait until spring, promising him if he would that they would furnish him logs at that time. Appellant refused to accede to this request and informed the Spencers that he could not let his mill remain idle; that he must run it.

Appellant testified that he lost money running his mill under the contract with the Spencers, and also under the contract he made at the time he moved off of their land. He only sued for the profits he might have made, but he failed to show that he would have made any profit under the contract, and he testified that he was paid for the work he did. He testified that he did not know how much, if anything, he owed appellees for merchandise.

Under these facts the lower court did not err in giving the peremptory instruction. It is true, the testimony shows that appellant sustained a loss by reason of appellees failing to deliver logs at the mill between September, 1907, and January 8, 1908, and his testimony made out a case for the recovery of such damages, but he failed to plead and ask for such loss.

Judgment is affirmed.